UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| MICHAEL R. WARE,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>and U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br><br>        Defendants. | 3:07-CV-00032-LRH-VPC<br><br>ORDER |

Presently before the court is Defendants' U.S. Department of the Interior and U.S. Department of Justice's Motion to Dismiss (#5[1]). Plaintiff Michael Ware, pro se, filed an opposition to this motion (#20) to which Defendants replied (#23). Also before the court are Plaintiff's Motion to Correct an Error (#8), Motion to Amend Petition and Motion for Time to Write It (#21), and Amended Petition for Review (#25). Defendant filed oppositions to these motions (#13, #24 & #26).

**I.  Facts and Procedural History**

This case concerns Plaintiff's challenge to regulations promulgated by the Secretary of the Interior and enforcement actions taken by the Bureau of Land Management ("BLM") against

---

[1]Refers to the court's docket.

1  Plaintiff. Plaintiff is a miner who, within the past three years, has held three mining claims on
2  public land. Two of these claims were filed on October 11, 2004, and have been described by the
3  parties as the Sonoma claim and the Desperado claim. The Sonoma claim was declared forfeit by
4  the BLM on September 1, 2005, by reason of abandonment due to a failure to pay mining-claim
5  maintenance fees. The Desperado claim was also declared forfeit by BLM on September 1, 2005,
6  for the same reason.

7  The third mining claim is located in Humboldt County, Nevada and is designated as the
8  Nevada Mining Claim. The parties dispute what agency of the United States administers the land
9  that contains Nevada Mining Claim. Defendants contend in the Declaration of Atanda Clark that
10 "[t]he public lands on which this mining claim is located in [sic] included in the Humboldt
11 National Forest and is administered by the United States Forest Service (USFS), a component of
12 the U.S. Department of Agriculture. Accordingly, surface disturbance activities regarding this
13 mining claim is not included in BLM's surface management program." (Atanda Decl. (#6) ¶ 3.)

14 Plaintiff, on the other hand, contends in his own declaration that

15 I filed the assessment with the Humboldt County Recorder in November of 2005 and I
   wish BLM would have told me that my form wasn't correct and they were going to jerk
16 my claim because I ended up paying filing fees for nothing. The other problem this claim
   was that it was so remote in order to work it a man had to stay on it and work it. BLM
17 did not allow us to do that. They allowed us only 14 days at a time because they said that
   the new rules applied to mining claims. We paid our upfront environmental reclamation
18 costs and dug 40 foot holes and extracted some minerals but that didn't pertain to
   mining. So, under threat of fines and arrest they made us stay only 14 days and we
19 couldn't even have a watchmen to keep the open range cattle out of the holes, just a
   flimsy three wire fence and I think that's why the cattle people complained to the BLM,
20 but I'm not sure what BLM's management problem is, but they definitely have a
   problem. During the time new final rules were becoming effective in an on and off sort
21 of way, BLM's management on some Oregon claims that I had was not within the 1980
   43 CFR 3809 legal standards and I have found that BLM as a whole pretty much makes
22 up the rules as they go along in any given situation, which leaves regulation wide open
   for inequality, prejudice, and out-of-control officiating.
23

24 (Ware Decl. (#22) at 3-4.)

25 ///

26
                                              2

## II. Discussion

### A. Subject Matter Jurisdiction

As an initial matter, the court must determine whether it has subject matter jurisdiction to consider Plaintiff's case. In its July 9, 2008, order, this court asked the parties to brief whether this court has subject matter over the present case given the mandate of 30 U.S.C. § 1276(a)(1) that "[a]ny action by the Secretary [of the Interior] promulgating national rules or regulations . . . shall be subject to judicial review in the United States District Court for the District of Columbia Circuit." After reviewing the parties' briefing in response to this order, the court finds that it lacks subject matter jurisdiction over Plaintiff's challenge to the regulations promulgated by the Secretary of the Interior through the BLM.

Plaintiff makes the following references to regulations in his amended petition for review[2]:

> This petition is for a review by the United States District Court for the District of Nevada of matters and circumstances surrounding the 43 CFR 3800 (3809) Final Rules that went into effect on January 20, 2001 and the revision of October 1, 2003, which have aggrieved small miners and Michael R. Ware. This petition is also for the review of changes made to the 1980 3809 final rule, its grievous affect on myself and other small miners, and whether or not the changed rules promote the fairest and highest discretionary functions and attributes between the 1872 mining law and the FPLMA act of 1976.
>
> . . . .
>
> 43 CFR 3800 and 43 CFR 3710 describe standards for 'reasonably incidental use' to mining to 'prevent unnecessary or undue degradation' of the public lands. Are these standards being used in a compatible fashion with themselves since they reference each other and are they being used to promote the efficiently organized promotion of mineral development?"

(Am. Pet. for Review (#25) at 1-3.)

With respect to the first reference to regulations in Plaintiff's amended petition for review,

---

[2]The court will grant Plaintiff's motion to file an amended petition for review (#25), as Defendant has not yet served Plaintiff with a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff's Motion to Correct an Error (#8) and Motion to Amend Petition for Review and Motion for Time to Write It (#21) are therefore denied as moot.

43 C.F.R. § 3809 was revised on November 21, 2000 (with an effective date of January 20, 2001); June 15, 2001; October 30, 2001[3]; November 23, 2001; and June 2, 2003.  All of these revisions were promulgated by the Secretary of the Interior through the BLM.  65 Fed. Reg. 69998 (Nov. 21, 2000); 66 Fed. Reg. 32571 (June 15, 2001); 66 Fed. Reg. 54834 (Oct. 30, 2001); 66 Fed. Reg. 58892 (Nov. 23, 2001); 68 Fed. Reg. 32656 (June 2, 2003)

Concerning the second reference, within Part 3710 of Title 43 of the Code of Federal Regulations, the terms "reasonably incident" and "unnecessary or undue degradation" can be found in 43 C.F.R. § 3715.05.0-5 and 43 C.F.R. § 3715.2.  These regulations were promulgated by the Secretary of the Interior through the BLM.  61 Fed. Reg. 37116 (July 16, 1996).   Moreover, the term "unnecessary or undue degradation" appearing at 43 C.F.R. § 3809.5 was also promulgated by the Secretary of the Interior through the BLM.  66 Fed. Reg. 54834 (Oct. 30, 2001).  Accordingly, because all of the regulations referenced in Plaintiff's amended petition for review were promulgated by the Secretary of the Interior, Defendants' motion to dismiss is granted with respect to Plaintiff's challenge to the propriety of these regulations.

This court's finding that it lacks subject matter jurisdiction to review the Secretary of the Interior's regulations does not entirely dispose of Plaintiff's case, however.  In Plaintiff's amended petition for review, he states, "[t]he agencies rulemaking and *enforcement* are arbitrary, capricious, and an abuse of discretion.  The detrimental effects of the BLM agents' actions under color of law in interpretation and police force against Michael R. Ware 'small miner' and upon property outside of their jurisdiction, have been realized." (Am. Pet. for Review (#25) at 4) (emphasis added).  As such, 30 U.S.C. § 1276(a)(1)'s limit on this court's jurisdiction to review the Secretary's

---

[3]While Plaintiff's petition states that 43 C.F.R. § 3809 was revised on October 1, 2003, this date is incorrect.

rulemaking would not reach Plaintiff's challenge to any arbitrary enforcement action by the BLM.[4]

## B. Justiciability

Defendants' chief argument in support of dismissal is that Plaintiff's petition is not justiciable because he lacks standing, and the issues raised in the petition are both moot and not yet ripe. Defendants are correct that Plaintiff's claims with respect to the Sonoma and Desparado mining claims are moot. Through the declaration of Atanda Clark, Defendants have presented uncontroverted evidence that the Sonoma and Desparado mining claims were declared forfeit by BLM as of September 1, 2005. (Clark Decl. (#6) ¶ 4.) Thus, Plaintiff lacks an existing interest in the Sonoma and Desparado claims that would present a justiciable case under Article III of the Constitution. *See Feldman v. Bomar*, 518 F.3d 637, 642-43 (9th Cir. 2008).

Plaintiff, however, has presented evidence that he has a justiciable claim with regard to BLM's actions concerning his Nevada Mining Claim, which has not been declared forfeit. As discussed in the facts section of this order, Plaintiff presented evidence that BLM aggrieved him by taking certain actions that prevent him from mining his Nevada Mining Claim. While Defendants present evidence to controvert the assertion that BLM administers the land on which Plaintiff's Nevada Mining Claim is located–and thus argue BLM cannot redress Plaintiff's alleged injury–the court will not dismiss this action based upon this conflicting evidence.

However, this court will order an evidentiary hearing to determine the preliminary question of standing. *See* 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3531.15, at 97 & n.14 (2d ed. 1984 & Supp. Apr. 2008) (explaining that courts in some cases will hold an evidentiary hearing to determine the questioning of standing); *see*

---

[4]Other courts have found that a challenge to agency action that is tantamount to an attack on the Secretary of the Interior's regulations can be brought only in the United States District Court for the District of Columbia. *See, e.g.*, *Clinchfield Coal Co. v. Doi*, 802 F.2d 102, 103 (4th Cir. 1986); *Pittston Co. v. Lujan*, 798 F. Supp. 344, 352 (W.D. Va. 1992). This court would entertain such an argument in a motion for judgment on the pleadings or a motion for summary judgment.

5

1  *also Am. Postal Workers Union v. United States Postal Serv.*, 861 F.2d 211, 213 (9th Cir. 1988)

2  (stating that a court can consider materials beyond the pleadings in a preliminary hearing to

3  determine standing).  At this hearing, Plaintiff will be required to show that he meets the minimum

4  constitutional standing requirements imposed by Article III of the Constitution.  Specifically,

5  Plaintiff must show that he has suffered an injury that is (1) concrete and particularized and (2)

6  actual or imminent, not conjectural or hypothetical.  *See Lujan v. Defenders of Wildlife*, 504 U.S.

7  555, 560 (1992).  More critical to this case, Plaintiff must also demonstrate a causal connection

8  between the injury and the conduct complained of; that is, the injury has to be fairly traceable to the

9  challenged action of the BLM and not the result of the independent action of some third party not

10  before the court.  *See id.*  Finally, Plaintiff must show that it is likely that the injury will be

11  redressed by a decision setting aside the BLM's enforcement action.  *See id.*

12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26

1       IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#5) is GRANTED in
2  part and DENIED in part.
3       IT IS FURTHER ORDERED that Plaintiff's motion to amend his petition for review (#25)
4  is GRANTED.
5       IT IS FURTHER ORDERED that Plaintiff's Motion to Correct an Error (#8) and Motion to
6  Amend Petition for Review and Motion for Time to Write It (#21) are DENIED as moot.
7       IT IS FURTHER ORDERED that a hearing on Plaintiff's standing to bring this suit is
8  hereby set for October 27, 2008, at 1:30 p.m. in Courtroom 5 of the Bruce R. Thompson Federal
9  Courthouse in Reno, Nevada.  The period until this hearing will allow the parties to conduct
10 discovery on the issue of standing.  If the parties have any questions concerning scheduling, they
11 may call the Courtroom Administrator at 775-686-5829.
12      IT IS SO ORDERED.
13      DATED this 27th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE