UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL R. WARE, | |
| Plaintiff, | 3:07-CV-00032-LRH-VPC |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR et al., | ORDER |
| Defendants. | |

On October 21, 2008, this court held a status conference concerning Plaintiff Michael Ware's standing to seek judicial review of the Bureau of Land Management's (BLM) allegedly arbitrary enforcement action with respect to a mining claim this court has referred to as the Nevada Mining Claim. At this conference, the court vacated a previously scheduled evidentiary hearing on the issue of standing. In lieu of an evidentiary hearing, the court indicated that it would decide Ware's standing on the basis of the parties' written submissions.

The court originally scheduled the evidentiary hearing because there appeared to be a factual dispute concerning whether the Nevada Mining Claim is on land administered by the United States Forest Service (USFS) or the Bureau of Land Management (BLM). The location of the Nevada Mining Claim is significant because if it were on USFS-administered land, Plaintiff Ware would lack standing because USFS is not a party to this action. *See Pritikin v. Dep't of Energy*, 254 F.3d 791, 797-801 (9th Cir. 2001).

Following the court's status conference, the parties submitted memoranda and evidence on the issue of whether Ware has standing to bring this action. Based upon the parties' submissions, the court concludes that Ware does indeed have standing. In response to Defendants' First Set of Interrogatories, Ware states that he is "seeking redress for . . . the Nevada Mining Claim (944259) which . . . is supposed to be recorded as being located in T 41N R 27E Sec 15." (Defs.' Resp. to Order (#43)[1] Ex. C at 16:8-11.) While it is not immediately apparent that "T 41N R 27E Sec 15" is on BLM-administered land, Defendants' memorandum implies that is in fact the case. (Dfs.' Resp. to Order (#43) at 3:13-14.)[2] Ware has therefore demonstrated he has standing to challenge BLM's allegedly arbitrary enforcement action with respect to the Nevada Mining Claim.

The court will also take this opportunity to amend its August 27, 2008, order to reflect that Ware has standing to challenge the Department of the Interior's (DOI) forfeiture of the Desperado and Sonoma mining claims. The court indicated in its August 27, 2008, order that any challenge with respect to those mining claims is moot because Ware allowed the Desperado and Sonoma mining claims to be declared forfeit. In Ware's latest filing with the court, he appears to take issue with that ruling by arguing that he is challenging "the Department of the Interior's [Interior Board of Land Appeals] ruling[,]" (Pl.'s Reply (#44) at 2:22-23), which evidently resulted in the Desperado and Sonoma mining claims' forfeiture. While Ware made no such argument in his opposition to Defendants' motion to dismiss, that failure is not fatal given his subsequent filing of an amended petition for review.

In Ware's amended petition for review, he alleges, "The detrimental effects of the BLM agents' actions under color of law in interpretation and police force against [Ware] 'small miner'

---

[1] Refers to the court's docket entry number

[2] Defendants argue that this court should disregard Ware's response to the interrogatory because the Nevada Mining Claim's location was incorrectly recorded. While the court agrees that a correctly recorded mining claim would have assisted the court in its standing inquiry, the court cannot find Ware fails to present an Article III case or controversy based upon what appears to be a recording error.

2

1   and upon property outside of their jurisdiction, have been realized.  The hardships caused loss of
2   the mining claim properties, which was ruled upon by the [Interior Board of Land Appeals] and
3   Officers of Homeland Security, which in all, are within the statutes of limitations for Petition for
4   Review." (Am. Pet. for Review (#25) 4:3-9.)  Liberally construing Ware's pro se pleadings,
5   Ware's amended petition review gives him standing–at the pleading stage–to challenge DOI's
6   forfeiture proceedings against the Sonoma and Desperado mining claims.  The court's August 27,
7   2008, order is amended accordingly.

8   　　　　As a final matter, the court will address the procedures necessary for effective judicial
9   review of Defendants' challenged actions.  To date, the court has not been presented with a record
10  that would allow it to determine whether Defendants' actions are in violation of the Administrative
11  Procedure Act.  The proper course, therefore, is to remand for additional investigation or
12  explanation as to Defendants' challenged actions.  *See Pension Benefit Guar. Corp. v. LTV Corp.*,
13  496 U.S. 633, 654 (1990); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  After
14  compiling this record, Defendants must give Ware the opportunity to designate portions of the
15  record to support his case.  *See* 2 Richard J. Pierce, Jr., *Administrative Law Treatise* § 11.6, at 822-
16  24 (4th ed. 2002).  The court will then employ summary judgment to resolve Ware's petition for
17  judicial review.  *See City & County of San Francisco*, 130 F.3d 873, 877 (9th Cir. 1997);
18  *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985).

19  　　　　IT IS THEREFORE ORDERED that Defendants are granted 90 days to compile a record
20  explaining the actions Ware challenges in his amended petition for review.  During that period,
21  Defendants may conduct discovery to ascertain the exact nature of Ware's challenge.  After the 90
22  day compilation period, Defendants must permit Ware an opportunity to review the record, so he
23  may designate any portions thereof in support of his case.  This inspection period must take place
24  within 30 days after the 90 day compilation period.
25  ///
26

3

After the initial 120 day period, Ware is granted 30 days to file an opening brief setting forth the basis for his challenge to Defendants' actions.  Defendants are granted 30 days to file a response, and Ware is granted 20 days to file a reply.

IT IS SO ORDERED.

DATED this 20th of April 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE